RANDY S. GROSSMAN
United States Attorney
OWEN ROTH
California Bar No. 335891
Assistant U.S. Attorney
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7710

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 21-CR-2546-GPC |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| RAUL PARTIDA, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Owen Roth, Assistant United States Attorney, and defendant, RAUL PARTIDA, with the advice and consent of Anton Vialtsin, counsel for defendant, as follows:

//
//
//
//
//
//
//

OR:6/29/22

Def. Initials *R.P.*

# I

# THE PLEA

## A. THE CHARGE

Defendant agrees to plead guilty to the Second Superseding Indictment in Criminal Case No. 21-CR-2546-GPC (the "Indictment") charging Defendant as follows:

> Beginning on a date unknown to the Grand Jury and continuing up to and including April 2021, within the Southern District of California and elsewhere, the defendants ALFREDO ADOLFO IBARRA-VIDAL, RICARDO VALENZUELA-GALE, BRAYAN GIL-HERNANDEZ, DAVID DURAN-RIVERA, GERARDO SILVAS, ANA FABIOLA SALCEDO-SALINAS, JOSE LUIS VARGAS-ESPINOSA, ROBERTO ANZALDO, WENDY CAROLINA VILLEGAS-RIVERA, ALAN ANDRE GARCIA-CASTRO, VALERIE HERNANDEZ, aka "Valerie Jeanette Hernandez", DIANA BRENDA RODRIGUEZ-SANDEZ, SALMA GABRIELA ALBA, CHRISTIAN FERNANDEZ, JULIA VIANNEY SUAZO-QUIRINO, ADRIAN ROSETT VELASQUEZ, SHANTAL MACIEL, CESAR ENRIQUE CANTU, NESSIE AIZU, aka "Nissie Aizu", ALEJANDRO CABRERA-HERRERA, aka "Manuel", ADRIANA ELIZABETH VALENZUELA-GALE, JORGE COVARROBIAS, JOSE G. QUINTANA-ARENAS, AXEL GUADALUPE GARCIA, FIDEL ALEJANDRO ZAMORANO-BERNAL, DERIAN SERVIN-DIAZ, ALEX ARTURO ZAMORA, RICARDO PRADO, aka "Ricardo Prado-Zarate", and ERIK GALAVIZ, aka "Erik Dick Galaviz-Castillo", MANUEL CABRERA-HERRERA, RAMIRO XAVIER GAXIOLA-GARCIA, RAUL PARTIDA, SR., PEDRO ANTONIO MAGAÑA-ALADRO, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire together and with each other, and with other persons known and unknown to the Grand Jury,
>
> a. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, drug trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit: drug trafficking, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

    b. to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, that is, drug trafficking, and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

B. <u>PRE-TRIAL DISPOSITION</u>

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. Furthermore, if the court has issued a preservation order in connection with any seized evidence, the Defendant agrees to jointly request that the Court lift or revoke the preservation order following entry of defendant's guilty plea.

Defendant agrees further as follows:

  1. Upon acceptance of Defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

   a. Any cellular device(s);

   b. Any vehicle(s); and

   c. Any controlled substance(s), except sample amounts for confirmatory testing.

C. FORFEITURE

Defendant consents to the forfeiture allegations of the Second Superseding Indictment and consents to the forfeiture of all properties seized in connection with the case. The attached forfeiture addendum shall govern forfeiture in this case.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which Defendant is pleading guilty has the following elements:

1. There was an agreement between two or more people to commit money laundering; and

2. The defendant joined the conspiracy knowing its object and intending to help accomplish it.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Beginning on a date unknown and continuing up to and including May 2020, within the Southern District of California, and elsewhere, there was an agreement between Defendant and others to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce.

2. Defendant knew the agreement had an unlawful object or purpose;

3. Defendant joined the agreement with the intent to further its unlawful object or purpose;

4. The Defendant knew that the money represented the proceeds of unlawful activity, and the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds of the unlawful activity;

4

Def. Initials *R.P.*
21-CR-2546-GPC

5. For example, Defendant worked as a fictitious funnel bank account holder, who together with other co-conspirators, opened, maintained, or controlled, fictitious funnel business bank accounts at domestic financial institutions whereby said funnel bank accounts had no legitimate purpose and whose sole function was the deposit of proceeds, from places in the United States of America, to places outside of the United States of America, namely Mexico. Defendant also acted with the intent to conceal the nature, location, source, ownership, and control of these proceeds, in the amount of $1,663,462, which Defendant knew were proceeds from illegal activity.

## III

## **PENALTIES**

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum of 20 years in prison;

B. a maximum $500,000 fine or twice the value of the property involved in the transaction, whichever is greater;

C. a mandatory special assessment of $100 per count.

D. a term of supervised release of not more than five years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

E. forfeiture of all property, real or personal, involved in such offense, or any property traceable to such property.

## IV

### **DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

| | | |
|---|---|---|
| 1 | D. | Confront and cross-examine adverse witnesses; |
| 2 | E. | Testify and present evidence and to have witnesses testify on behalf of defendant; and |
| 3 | | |
| 4 | F. | Not testify or have any adverse inferences drawn from the failure to testify. |

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised

6

Def. Initials *R.P.*
21-CR-2546-GPC

release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence**

7

Def. Initials R.A
21-CR-2546-GPC

report be prepared. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

```
1. Base Offense Level [§ 2S1.1(a)(2)]              8
2. Increase[§§ 2S1.1(a)(2)/2B1.1]                +16
3. Violation of § 1956 [§ 2S1.1(b)(2)(B)]         +2
4. Sophisticated Laundering [§ 2S1.1(b)(3)]       +2
5. Acceptance of Responsibility [§ 3E1.1]         -3
6. Appeal Waiver / Early Resolution [5K2.0]       -2
```

8

Def. Initials *R.P.*
21-CR-2546-GPC

B.  ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C.  FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.  NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend the greater of: the low end of the advisory Guidelines range as calculated by the Government; or the time served in custody at the time of sentencing.

G.   SPECIAL ASSESSMENT AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.   SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. The only exception

is that defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel.

## XII

## **BREACH OF THE PLEA AGREEMENT**

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;

B. Failing to fully accept responsibility as established in Section X, paragraph B, above;

C. Failing to appear in court;

D. Attempting to withdraw the plea;

E. Failing to abide by any court order related to this case;

F. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue

any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No

modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully Submitted,

RANDY S. GROSSMAN
United States Attorney

07/18/2022
DATED

*Owen Roth*
OWEN ROTH
Assistant U.S. Attorney

7/18/22
DATED

ANTON VIALTSIN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

7.13.22
DATED

*Raul Partida*
RAUL PARTIDA
Defendant

Rev. 6/8/2021 cek/bq

13

Def. Initials R.P.
21-CR-2546-GPC

FORFEITURE ADDENDUM TO PLEA AGREEMENT

United States v. Raul Partida

Criminal Case No. 21-CR-2546 GPC

Defendant understands and agrees that this forfeiture addendum to the Plea Agreement will be filed with the Court at the same time as the filing of the main Plea Agreement. The Court at the time of the Fed. R. Crim. P. Rule 11 plea colloquy will have both the main Plea Agreement and this addendum before the Court, and any reference during the hearing to the "Plea Agreement" will be understood to be a reference to the main Plea Agreement together with this addendum. Both parties will be understood to be a reference to the main Plea Agreement together with this addendum. Both parties will insure that the Court is aware of and is considering both the Plea Agreement and this Addendum at the Rule 11 hearing. If this issue is not raised by either party at the Rule 11 hearing, any objection relating to that issue will be considered waived.

I, defendant, RAUL PARTIDA, certify that I have read the preceding paragraph (or it has been read to me in my native language), and that I have discussed it with my counsel and fully understand its meaning and effect. I am satisfied with counsel's representation.

Date: 7-13-22

RAUL PARTIDA
Defendant

ANTON VIALTSIN
Counsel for Defendant

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and part of Defendant's Plea Agreement, and the additional terms and warnings below apply.

A. Penalty. In addition to the penalties in the plea agreement, federal law states Defendant must forfeit to the United States all property, real and personal, which is involved in the offense to which the Defendant is pleading guilty and all property traceable to such property. Defendant understands that forfeiture is a mandatory penalty in addition to the other penalties for the offense.

B. Property Subject to Forfeiture. In addition to pleading guilty to the Second Superseding Indictment, as set forth in Section I of the main Plea Agreement, Defendant consents to the forfeiture allegation of the Indictment, consents to the forfeiture of all property(ies) seized in connection with this case, and agrees to forfeit to the United States $1,663,462 in the form of a money judgment against him. Interest shall accrue on the judgment from the date of entry of the Order of Forfeiture and shall accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

C. Basis of Forfeiture. Defendant acknowledges that the money judgment as to the forfeiture is proper pursuant to Title 18, United States Code, Section 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant admits that $1,663,462 represents the amount of property he personally received as property involved in the offense. Defendant further agrees that the conditions for the substitution of assets for the full amount of the money judgment as set forth in 18 U.S.C. § 982(b) which incorporates 21 U.S.C. § 853(p) exist and the Government may execute and collect the judgment against any and **all** other property up to the full amount of the forfeiture judgment.

D. Immediate Entry of An Order of Forfeiture. Defendant consents
and agrees to the immediate entry of an order of forfeiture upon entry
of the guilty plea for the full amount of the money judgment of
$1,663,462. Defendant further agrees that upon entry of the order of
forfeiture, such order will be considered final as to Defendant.
Defendant agrees to execute any and all documents requested by the United
States to facilitate or complete the forfeiture process(es). Defendant
further agrees not to contest or to assist any other person or entity
in contesting the forfeiture of the property(ies) forfeited in
connection with this case. Defendant agrees that no tax deduction will
be sought in connection with the forfeiture described above. Defendant
further agrees to use his best efforts to fully satisfy and pay this
judgment as soon as practicable.

       Defendant agrees to provide the United States with a verified sworn
financial statement within two weeks of the execution of the plea
agreement fully disclosing all assets owned by him and all assets in
which he may have an interest, as well as full and complete disclosure
of all transfers of property by him or at his direction to third parties
valued at more than $1,000.00 since April 1, 2017 including the location
of the assets and the identity of any third party.

       E.   Entry of Orders of Forfeiture and Waiver of Notice. Defendant
consents and agrees to the entry of orders of forfeiture for such
property and waives the requirements of Federal Rules of Criminal
Procedure 32.2 and 43(a) regarding notice of the forfeiture in the
charging instrument, announcement of the forfeiture at sentencing, and
incorporation of the forfeiture in the judgment. Defendant acknowledges
that Defendant understands that the forfeiture of assets is part of the
sentence that may be imposed in this case and waives any failure by the

Court to advise Defendant of this, pursuant to Rule 11(b) (1) (J), at the time the Court accepts the guilty plea(s).

F. **Waiver of Constitutional and Statutory Challenges.** Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States of America, and to testify truthfully in any judicial forfeiture proceeding.

G. **Agreement Survives Defendant; No Forfeiture Abatement.** Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this Plea Agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

//
//
//
//
//
//
//
//

Defendant understands that the main Plea Agreement and this addendum embody the entire Plea Agreement between the parties and supersedes any other Plea Agreement, written or oral.

DATED: 7·13, 2022

_Raul Partida_
RAUL PARTIDA
Defendant

_Vialtsin_
ANTON VIALTSIN
Counsel for Defendant


_Owen Roth_
OWEN ROTH
VIVIAN SAPTHAVEE
Assistant United States Attorneys